UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON NORWOOD, | ) |
| Plaintiff, | ) CASE NO.: 25-cv-8264 |
| vs. | ) JUDGE: ANDREA R. WOOD |
| IIMPACT and LACOYA HARRIS, | ) |
| Defendants. | ) |

**JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiff, SHARON NORWOOD, by and through her counsel, Scott Skaletsky of the Law Offices of Scott Skaletsky and the Defendants, IIMPACT and LACOYA HARRIS, by and through their counsel, Kathleen M. Cahill and Todd A. Miller of ALLOCCO, MILLER & CAHILL, P.C., and hereby file their Joint Initial Status Report pursuant to the Court's July 24, 2025 Minute Entry (Docket No. 4) as follows:

1. **Nature of the Case**

   A.  Identify the attorneys of record for each party, including the lead trial attorney.

   *For Plaintiff:*
   Scott Skaletsky
   The Law Offices of Scott Skaletsky LLC
   2607 N. Greenwood Avenue
   Arlington Heights, IL 60004

   *For Defendants:*
   Kathleen M. Cahill
   Todd A. Miller (lead trial attorney)
   Alloccco, Miller & Cahill, P.C.
   20 N. Wacker Drive
   Suite 3517
   Chicago, IL 60606-2806

1

    B.    Identify any parties that have not yet been served.

          All parties have been served. Defendants waived service and their responsive pleadings are due on September 29, 2025.

    C.    State the basis for federal jurisdiction.

          Federal jurisdiction exists under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1).

    D.    Describe generally the nature of the claims asserted in the complaint and any counterclaims.

          Plaintiff claims that the Defendants violated 42 U.S.C. Section 2000e-2(a)(1) by intentionally discriminating against Plaintiff based on her gender.

    E.    State the major legal and factual issues in the case.

- Whether the Defendants intentionally discriminated against the Plaintiff because of her gender in violation of 42 U.S.C. Section 2000 e2(a)(1).
- Whether the Defendants' alleged favoritism toward IIMPACT's male employees was to the detriment of the Plaintiff.
- Whether the Defendants retaliated against the Plaintiff because of Defendants' claim that Plaintiff was being too aggressive toward the male employees.
- Whether Plaintiff engaged in insubordination, failed to perform her job duties satisfactorily, violated company policies, and posed a risk to youth residents.

    F.    Describe the relief sought.

          The Plaintiff is seeking a verdict in excess of $75,000.00 plus her attorney's fees and taxable costs.

**2.** **Case Plan**

    A.    Identify all pending motions.

          There are currently no pending motions.

          During the parties' Rule 26(f) planning conference, Plaintiff agreed to voluntarily dismiss Defendant LaCoya Harris on the ground that Title VII does not provide for individual liability. If Plaintiff does not file a motion to voluntarily dismiss Ms. Harris, Defendants will move for an order dismissing her from the case.

B. State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

During the parties' Rule 26(f) conference, Plaintiff agreed to voluntarily dismiss Defendant LaCoya Harris on the ground that Title VII does not provide for individual liability. If Plaintiff does not do so, Defendants will file a motion to dismiss Ms. Harris on that basis.

Defendant will file an answer on behalf of Defendant, IImpact.

C. Submit a proposed discovery plan, including the following information:

    i. the general type of discovery needed;

- Written discovery, including interrogatories and requests for production of documents;
- Depositions of the parties, IImpact employees and third-party witnesses.

    ii. whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

Defendants believe discovery will encompass electronically stored information ("ESI"). At this time, the parties do not anticipate any issues regarding disclosure or discovery of ESI.

    iii. any issues or agreements regarding claims of privilege or protection of trial preparation materials, including whether the parties desire that the Court enter an order regarding a procedure to assert such claims after production pursuant to Federal Rule of Evidence 502(d);

None.

    iv. the date(s) on which disclosures under Federal Rule of Civil Procedure 26(a)(1) were made or will be made;

The parties will exchange disclosures under Federal Rule of Civil Procedure 26(a)(1) by October 3, 2025.

    v. The date by which the parties will complete fact discovery;

The parties shall complete fact discovery by March 16, 2026.

      vi.      whether expert discovery is contemplated and, if so, dates by which disclosures under Federal Rule of Civil Procedure 26(a)(2) will be made and expert depositions completed;

              The parties do not expect the need for expert discovery in this matter.

      vii.     what changes, if any, should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the requirements of the Local Rules of the Northern District of Illinois, such as changes in the number of depositions or interrogatories permitted; and

              At this time, the parties do not believe any changes will be needed.

      viii.    the date by which the parties must file any dispositive motions.

              The parties must file any dispositive motions by April 30, 2026.

    D.    State whether there has been a jury demand and the estimated length of the trial.

          Neither party has filed a jury demand.

          The parties believe that a trial will take approximately 3 days.

**3.**     <u>**Settlement**</u>

    A.    State whether any settlement discussions have occurred and describe the status of any such discussions. Do ***not*** provide the particulars of any settlement demands/offers.

          The parties have not yet engaged in settlement discussions in this matter.

    B.    State whether the parties believe that a settlement conference would be productive at this time.

          Plaintiff's counsel believes that a settlement conference would be productive. Defendants do not believe that a settlement conference would be productive at this time but respectfully reserve the opportunity to request a settlement conference before a magistrate judge, should the parties believe that it could be helpful at a later time.

**4.**     <u>**Consent to Proceed Before a Magistrate Judge**</u>

    A.    State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including

trial and entry of final judgment, and whether the parties unanimously consent to that procedure. Do ***not*** indicate which parties consented or did not consent.

Counsel has informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment. The parties do not unanimously consent to that procedure.

**Respectfully Submitted,**

| | |
|---|---|
| /s/ Scott Skaletsky | /s/ Kathleen M. Cahill |
| Scott Skaletsky | Kathleen M. Cahill |
| Plaintiff's Attorney | One of Defendants' Attorney |
| The Law Offices of Scott Skaletsky, LLC | Allocco, Miller, Cahill, P.C. |
| 2607 N. Greenwood Avenue | 20 N. Wacker Drive, Suite 3517 |
| Arlington Heights, IL 60004 | Chicago, IL 60606 |
| sska67@gmail.com | kmc@alloccomiller.com |