IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHARON NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 25-cv-8264 |
| | ) | |
| vs. | ) | JUDGE: ANDREA R. WOOD |
| | ) | |
| IIMPACT and LACOYA HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, IIMPACT'S, ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, IIMPACT, a not-for-profit organization ("IIMPACT"), by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. No. 2) as follows:

**Introduction**

1. Plaintiff, Sharon Norwood, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. Plaintiff contends that the Defendants discriminated against her based upon her gender, female and thereafter retaliated against her by terminating her employment.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. Defendant denies Defendants violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, or any law, and further denies that Plaintiff is entitled to any form of relief. Defendant denies all remaining allegations in Paragraph 1.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

### Venue

3. Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was employed by Defendant IIMPACT at the time of the discrimination and plaintiff's employment records are maintained by Defendant IIMPACT in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

**ANSWER:** Defendant admits that venue is proper in this judicial district. Defendant further admits that Plaintiff was employed by Defendant IIMPACT, Plaintiff's employment records are maintained by Defendant IIMPACT in this judicial district, and that Plaintiff's allegations regarding Defendant's decisions related to Plaintiff's employment were made in this judicial district. Defendant denies all remaining allegations in Paragraph 3.

### Parties

4. Plaintiff, SHARON NORWOOD, is an African American female who is a citizen of the United States and a resident of village of Evergreen Park, Illinois. At all times relevant to this suit she was employed by IIMPACT in the City of Chicago, Illinois.

**ANSWER:** Defendant admits that Plaintiff is an African American female who is a citizen of the United States. Upon information and belief, Defendant further admits the Plaintiff is a resident of the Village of Evergreen Park, Illinois. Defendant admits that Plaintiff was employed by IIMPACT, but denies she was employed at all times relevant to this suit and denies the remaining allegations in Paragraph 4.

5. Defendant IIMPACT is an Illinois not-for-profit organization that is located at 333 South Wabash in the City of Chicago, Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 5.

6. Defendant LACOYA HARRIS is the Director of Defendant IIMPACT at the time of the incidents alleged in the Complaint.

**ANSWER:** Defendant admits the allegations in Paragraph 6.

### Statement of Facts

7. The claimed business of IIMPACT is best described from its "mission statement:"

Our Story

> **IIMPACT,** NFP, is a heartwarming organization dedicated to the well-being and development of vulnerable young men. Our mission is to provide housing, education, employment and support services that empower Illinois DCFS youth in care, aged 13 to 21. We equip young men with the tools and resources they need to thrive and reach their full potential. We serve as a child welfare agency and a bridge towards permanent independent living.

**ANSWER:** Defendant admits the allegations in Paragraph 7.

8. IIMPACT hired the Plaintiff in August of 2023 as a Youth In Care worker.

**ANSWER:** Defendant admits that it hired Plaintiff as Youth In Care worker, but denies she was hired in August of 2023.

9. In her job, she began to work primarily with male employees who did not have the experience in mentoring children nor were proficient in the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home.

**ANSWER:** Defendant denies the allegations in Paragraph 9.

10. Defendant LACOYA HARRIS ("HARRIS"), the Director of IIMPACT and who was in charge of IIMPACT's day-to-day operations, favored all of the males in the organization at the expense of the Plaintiff.

**ANSWER:** Defendant admits only that LaCoya Harris is the Director of IIMPACT and was

3

in charge of the day-to-day operations. Defendant denies that Lacoya Harries favored all of the males in the organization at the expense of the Plaintiff and denies all remaining allegations in Paragraph 10.

11. Moreover, she began accusing the Plaintiff of being too aggressive with the male workers, none of whom were trained nor had ever worked in this field.

**ANSWER:** Defendant denies the allegations in Paragraph 11.

12. As such, on November 26, 2024 the Plaintiff was terminated from IIMPACT due to her gender, female in violation of 42 USC §2000e-2 that states as follows:

> It shall be an unlawful employment practice for an employer--
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin

**ANSWER:** Defendant denies the allegations in Paragraph 12.

13. This discrimination manifested itself including, but not limited to, the following ways:

> (1) IIMPACT's male employees would constantly brag to the Plaintiff that they and LACOYA HARRIS would "vibe" and that they would discuss their personal lives with her, which would leave the Plaintiff out of any meaningful professional relationship with IIMPACT's management;
>
> (2) Rich Stevenson, an IIMPACT male employee known as a "Lead," constantly badgered the Plaintiff by telling her that Defendant HARRIS preferred a male rather than the Plaintiff to be an IIMPACT supervisor, which caused the loss of self-esteem to the Plaintiff;
>
> (3) The male employees consistently harassed the Plaintiff and would claim that she was not aware of the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home, while in reality the Plaintiff had vast experience with DCFS in mentoring children and was keenly aware of the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home;
>
> (4) HARRIS further acceded to the male employees by allowing them violate

4

        IIMPACT's rules, for example by permitting House Director Bruce Burruss to sleep at the IIMPACT facility.

(5) Plaintiff was immediately terminated after a male employee (Leotis) came to LACOYA HARRIS with the Case Manager present in the room at the time with Ms. Harris saying that "She" referring to the plaintiff, "ain't gonna be my boss, she can't tell me what to do around here."

**ANSWER:** Defendant denies the allegations in Paragraph 13 and denies the allegations in subparagraphs 13(1)-(5).

14. When the Plaintiff challenged Defendant HARRIS about her favoritism to the male employees, she was essentially told to "get over it" because that's the way she would handle the management of IIMPACT.

**ANSWER:** Defendant denies the allegations in Paragraph 14.

15. Furthermore, the Plaintiff alleges that her termination was also in retaliation for what Defendant HARRIS determined to be the Plaintiff's overriding knowledge and HARRIS's claim that the Plaintiff was being too aggressive to the male workers, as follows:

  a. HARRIS retaliated against the Plaintiff because the Plaintiff would inform HARRIS that the male staff were not qualified to act in a supervisory role due to their lack of knowledge and experience;

  b. HARRIS claimed that the Plaintiff was too aggressive with the male staff because it was apparent that none of them were ever trained on CPI (Crisis Prevention Intervention) techniques before they started work at the facility.

**ANSWER:** Defendant denies the allegations in Paragraph 15 and denies the allegations in subparagraphs 15(a) and 15(b).

### EEOC CHARGE OF DISCRIMINATION/DETERMINATION AND NOTICE OF RIGHTS

16. On or about April 24, 2025 the Plaintiff filed her "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC). A copy of the filed Charge is attached hereto

5

and is labelled *Exhibit A.*

**ANSWER:** Defendant admits on or about April 24, 2025 the Plaintiff filed her "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC). Defendant denies the remaining allegations in Paragraph 16.

17. On or about April 30, 2025, the EEOC issued to the Plaintiff its "Determination and Notice of Rights" that stated "your lawsuit must be filed within 90 DAYS of your receipt of this notice." A copy of the Determination and Notice of Rights letter is attached hereto and is labelled *Exhibit B.*

**ANSWER:** Defendant admits on or about April 30, 2025, the EEOC issued to the Plaintiff its "Determination and Notice of Rights" that stated "your lawsuit must be filed within 90 DAYS of your receipt of this notice." Defendant denies the remaining allegations in Paragraph 17.

Defendant denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant, IIMPACT, by and through its undersigned attorneys, assert the following Affirmative Defenses to Plaintiff's Complaint. IIMPACT denies and continues to deny any and all claims made by Plaintiff. The following defenses are raised solely in the alternative and to prevent waiver.

1. All decisions relating to Plaintiff's employment were made in good faith and based on legitimate, non-discriminatory, and non-retaliatory business reasons in no way related to Plaintiff's gender or sex. IIMPACT denies that gender or sex were factors or motives in any employment decisions concerning Plaintiff.

2. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver or estoppel.

3. Plaintiff's Complaint and the allegations contained therein were not presented in good faith and that Plaintiff has acted with unclean hands regarding the allegations asserted herein.

4. To the extent any of Plaintiff's claims are premised on alleged events that occurred more than 300 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and/or the IDHR, or to the extent they are outside the scope of the EEOC charge those claims should be dismissed.

5. Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory conduct, and Plaintiff unreasonably failed timely to take advantage of the preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

6. Without conceding damages, the extent Plaintiff failed to exercise reasonable diligence in the mitigation of damages, she is not entitled to relief.

7. To the extent that Plaintiff seeks to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Defendant, such recovery is barred by the exclusivity of remedies under Illinois' workers' compensation law.

8. At all times, IIMPACT acted in good faith and in compliance with applicable laws.

### **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Numerous defenses, both affirmative and otherwise, may become known as a result of further fact investigation and discovery. Defendant therefore reserves the right to assert additional affirmative defenses, including but not limited to those set forth in Federal Rule of Civil Procedure 8, should it become aware of additional defenses during the course of fact investigation or discovery.

WHEREFORE, Defendant IIMPACT denies that Plaintiff is entitled to any relief whatsoever

7

in this action, including that requested in the prayer for relief contained in her Complaint. IIMPACT requests judgment be granted in its favor and against Plaintiff in the following manner:

1. That Plaintiff's Complaint be dismissed with prejudice.

2. That Plaintiff be ordered to pay IIMPACT's reasonable attorneys' fees and costs incurred in defending this matter; and

3. That IIMPACT be awarded such relief as the Court may deem appropriate.

September 29, 2025                                              Respectfully submitted,

                                                                IIMPACT, a not-for-profit organization,


                                                    By:    /s/ Kathleen M. Cahill_____

Attorneys for Defendant, IIMPACT:

Kathleen M. Cahill (kmc@alloccomiller.com)
Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, *Defendant, IIMPACT's Answer to Plaintiff's Complaint*, with the Clerk of the Court using the CM/ECF system on this 29th day of September 2025, which will send notice of such filings to the following:

Scott Skaletsky
The Law Offices of Scott Skaletsky LLC
2607 N. Greenwood Avenue
Arlington Heights, IL 60004
Sska67@gmail.com

/s/ Kathleen M. Cahill

Attorneys for the Defendant, IIMPACT:

Kathleen M. Cahill (kmc@alloccomiller.com)
Todd A. Miller (tam@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326