**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON NORWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) No. |
| IIMPACT, a not-for-profit organization | ) |
| and LACOYA HARRIS, individually and | ) |
| in her official capacity as Director of | ) |
| IIMPACT, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

### Introduction

1.    Plaintiff, Sharon Norwood, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e. Plaintiff contends that the Defendants discriminated against her based upon her gender, female and thereafter retaliated against her by terminating her employment.

### Jurisdiction

2.    This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

### Venue

3.    Venue is proper in this judicial district under 42 U.S.C. Section 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2); as Plaintiff was employed by Defendant IIMPACT at the time of the discrimination and plaintiff's employment records are maintained by Defendant IIMPACT in this judicial district, and decisions adverse to Plaintiff's employment that are the subject of this civil action were made in this judicial district.

### Parties

4.    Plaintiff, SHARON NORWOOD, is an African American female who is a citizen of the United States and a resident of village of Evergreen Park, Illinois. At all times relevant to this suit she was employed by IIMPACT in the City of Chicago, Illinois.

5.    Defendant IIMPACT is an Illinois not-for-profit organization that is located at 333 South Wabash in the City of Chicago, Illinois.

6.    Defendant LACOYA HARRIS is the Director of Defendant IIMPACT at the time of the incidents alleged in the Complaint.

1

## Statement of Facts

7.      The claimed business of IIMPACT is best described from its "mission statement:"

Our Story

> **IIMPACT,** NFP, is a heartwarming organization dedicated to the well-being and development of vulnerable young men. Our mission is to provide housing, education, employment and support services that empower Illinois DCFS youth in care, aged 13 to 21. We equip young men with the tools and resources they need to thrive and reach their full potential. We serve as a child welfare agency and a bridge towards permanent independent living.

8.      IIMPACT hired the Plaintiff in August of 2023 as a Youth In Care worker.

9.      In her job, she began to work primarily with male employees who did not have the experience in mentoring children nor were proficient in the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home.

10.      Defendant LOCOYA HARRIS ("HARRIS"), the Director of IIMPACT and who was in charge of IIMPACT's day-to-day operations, favored all of the males in the organization at the expense of the Plaintiff.

11.      Moreover, she began accusing the Plaintiff of being too aggressive with the male workers, none of whom were trained nor had ever worked in this field.

12.      As such, on November 26, 2024 the Plaintiff was terminated from IIMPACT due to her gender, female in violation of 42 USC §2000e-2 that states as follows:

> **It shall be an unlawful employment practice for an employer--**
>
> **(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin**

13.      This discrimination manifested itself including, but not limited to, the following ways:

> (1) IIMPACT's male employees would constantly brag to the Plaintiff that they and LACOYA HARRIS would "vibe" and that they would discuss their personal lives with her, which would leave the Plaintiff out of any meaningful professional relationship with IIMPACT's management;

(2) Rich Stevenson, an IIMPACT male employee known as a "Lead," constantly badgered the Plaintiff by telling her that Defendant HARRIS preferred a male rather than the Plaintiff to be an IIMPACT supervisor, which caused the loss of self-esteem to the Plaintiff;

(3) The male employees consistently harassed the Plaintiff and would claim that she was not aware of the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home, while in reality the Plaintiff had vast experience with DCFS in mentoring children and was keenly aware of the rules, regulations, policies and protocol in regard to DCFS Youth and Care/Group Home;

(4) HARRIS further acceded to the male employees by allowing them violate IIMPACT's rules, for example by permitting House Director Bruce Burruss to sleep at the IIMPACT facility.

(5) Plaintiff was immediately terminated after a male employee (Leotis) came to LACOYA HARRIS with the Case Manager present in the room at the time with Ms. Harris saying that " She" referring to the plaintiff, "ain't gonna be my boss, she can't tell me what to do around here."

14. When the Plaintiff challenged Defendant HARRIS about her favoritism to the male employees, she was essentially told to "get over it" because that's the way she would handle the management of IIMPACT.

15. Furthermore, the Plaintiff alleges that her termination was also in retaliation for what Defendant HARRIS determined to be the Plaintiff's overriding knowledge and HARRIS's claim that the Plaintiff was being too aggressive to the male workers, as follows:

a. HARRIS retaliated against the Plaintiff because the Plaintiff would inform HARRIS that the male staff were not qualified to act in a supervisory role due to their lack of knowledge and experience;

b. HARRIS claimed that the Plaintiff was too aggressive with the male staff because it was apparent that none of them were ever trained on CPI (Crisis Prevention Intervention) techniques before they started work at the facility.

## EEOC CHARGE OF DISCRIMINATION/DETERMINATION AND NOTICE OF RIGHTS

16. On or about April 24, 2025 the Plaintiff filed her "Charge of Discrimination" with the Equal Employment Opportunity Commission (EEOC). A copy of the filed Charge is attached hereto and is labelled ***Exhibit A.***

17. On or about April 30, 2025 the EEOC issued to the Plaintiff its "Determination and Notice of Rights" that stated that "your lawsuit must be filed within 90 DAYS of your receipt of

3

this notice." A copy of the Determination and Notice of Rights letter is attached hereto and is labelled ***Exhibit B.***

### **Prayer for Relief**

Accordingly, the Plaintiff prays that the Defendants be cited to appear and to answer in this action, and that upon the evidence, the finding of the jury and applicable law. The court enter judgment as follows:

17. A verdict in the Plaintiff's favor and against the Defendants in an amount in *excess* of $75,000.00 to compensate the Plaintiff for her pecuniary and emotional damages;

18. A verdict in the Plaintiff's favor and against the Defendant in an amount equal to her attorney's fees and the attorney's taxable costs;

**Respectfully submitted,**

**SHARON NORWOOD**

**/s/ Scott Skaletsky**
**The Law Offices of Scott Skaletsky LLC**

**Scott Skaletsky**
**The Law Offices of Scott Skaletsky LLC**
**2607 N. Greenwood Avenue**
**Arlington Heights, IL 60004**
**(312) 217-6022**
**sska67@gmail.com**
**ARDC #6181405**